**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 16-4127**

_____

UNITED STATES OF AMERICA,

              Plaintiff - Appellee,

        v.

THOMAS E. FARRIS, a/k/a Thomas Edgar Farris, a/k/a Thomas
Farris,

              Defendant - Appellant.

_____

Appeal from the United States District Court for the Southern
District of West Virginia, at Huntington.  Robert C. Chambers,
Chief District Judge.  (3:08-cr-00030-1; 2:12-cr-00217-1)

_____

Submitted:  October 27, 2016          Decided:  January 4, 2017

_____

Before DIAZ and FLOYD, Circuit Judges, and HAMILTON, Senior
Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

Richard W. Weston, WESTON LAW OFFICE, Huntington, West Virginia,
for Appellant.  Carol A. Casto, United States Attorney, Lisa G.
Johnston, Assistant United States Attorney, Charleston, West
Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Thomas E. Farris appeals the revocation of his supervised release and 21-month sentence raising two issues, whether: (1) the district court erred by granting an implied continuance in his first revocation hearing; and (2) the evidence was sufficient to support his Grade B violations. We affirm.

In his petition for revocation and amended petition, Farris was charged with Grade B and Grade C violations of his supervised release. The Grade B violations were not committing another crime, which Farris violated by failing to register as a sex offender or failing to provide notice of registration changes, and by being charged with forgery or uttering, and with entry of a building other than a dwelling. The Grade C violations were: failing to secure employment since being released from prison; failing to truthfully answer all inquiries and follow instructions of his probation officer by failing to notify his probation officer within ten days of any change of address; and failing to submit monthly supervision reports. Farris argues that the Grade C violations alone were insufficient to merit revocation of his supervised release.

At the initial revocation proceeding, Farris objected to hearsay testimony presented by the Government. Farris argues that the district court granted an implied motion for continuance by sustaining his objection and allowing the

Government to secure the necessary witnesses in a continued hearing.

At the continued hearing, the Government presented five witnesses, providing Farris the opportunity of cross-examination, which was the basis of his hearsay objection in the previous hearing. Based on the evidence presented, the district court found Farris guilty of all violations and sentenced him to 21 months of imprisonment. We affirm.

A district court has broad discretion to grant or deny a continuance and its decision will not be reversed absent abuse of that discretion. United States v. LaRouche, 896 F.2d 815, 823 (4th Cir. 1990). Moreover, even if such an abuse is found, a defendant is required to show that the error specifically prejudiced his case in order to prevail. Our review of the record reveals no abuse of discretion by the district court in granting the motion to continue. Thus, this claim is without merit.

We review a district court's revocation of supervised release and its imposition of a sentence after revocation for abuse of discretion. United States v. Padgett, 788 F.3d 370, 373 (4th Cir.), cert. denied, 136 S. Ct. 494 (2015). The district court need only find a violation of a condition of supervised release by a preponderance of the evidence. See 18 U.S.C. § 3583(e)(3) (2012); United States v. Copley, 978 F.2d

3

829, 831 (4th Cir. 1992). Credibility determinations are not subject to review. United States v. Saunders, 886 F.2d 56, 60 (4th Cir. 1989). Our review of the record reveals no abuse of discretion by the district court and that the evidence was sufficient to support the court's decision to revoke supervised release.

For these reasons, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

4